# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA BORJA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. WILLIAMS, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01445 DLB PC<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Tania Borja ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on September 10, 2013. She names Correctional Sergeant K. Williams and Correctional Officer S. Johnson as Defendants.[1]

**A.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 30, 2013.

1  fails to state a claim upon which relief may be granted." 28 U.S.C.
2  § 1915(e)(2)(B)(ii).
3        A complaint must contain "a short and plain statement of the claim showing that the pleader
4  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
7  550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to
8  'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual
9  allegations are accepted as true, legal conclusions are not. Id.
10       Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
11 federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092
12 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
13 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or
14 omissions of each named defendant to a violation of his rights; there is no respondeat superior
15 liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d
16 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);
17 Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim
18 for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
19 The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S.
20 at 678; Moss, 572 F.3d at 969.

21 **B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

22       Plaintiff is currently incarcerated at the Central California Women's Facility in Chowchilla,
23 California.  The events at issue occurred at Valley State Prison in Chowchilla, California.
24       Plaintiff alleges that on April 15, 2012, at approximately 1:30 p.m., she was sitting in the
25 grass with friends.  Defendant Williams approached her "aggressively" and immediately became
26 physical.  Compl. 3.  He grabbed Plaintiff by the throat and flipped her onto her stomach, with her
27 face smashed into the grass.  Plaintiff alleges that he appeared calm as he choked her from the back.
28

Defendant Williams then ordered Defendant Johnson to pull Plaintiff's pants down "while he and 80 to 100 prisoners looked on in disbelief." Compl. 3. Defendant Johnson complied and, while Plaintiff's buttocks were exposed to Williams and the others present, swiped her hand down the crack of Plaintiff's buttocks. She also "roughly and directly felt" Plaintiff's vagina, which was also exposed to Williams and the other male officers who had just arrived.

Defendant Williams next ordered Defendant Johnson to lift Plaintiff's shirt and stick her hand inside Plaintiff's bra, which exposed her breast to the onlookers. Plaintiff states that this was done to show "Williams what contraband was or was not in there." Compl. 3.

Plaintiff contends that she felt sexually violated, embarrassed and humiliated. She alleges a violation of the Eighth Amendment.

**C.     DISCUSSION**

    1.     Eighth Amendment- Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff has stated an Eighth Amendment excessive force claim against Defendant Williams.

    2.     Search

        a.     *Eighth Amendment*

"Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' ... 'only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations omitted). As such, to support a cognizable Eighth Amendment claim based on a body search, the plaintiff must allege a risk of harm beyond a

"momentary discomfort." Jordan v. Gardner, 986 F.2d 1521, 1526 (9th Cir.1993); see also Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir.2012) (in evaluating a prisoner's claim, courts will consider whether the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997) (as amended).

Here, Plaintiff alleges that the search exposed her vagina and breast to 80-100 prisoners and correctional officers of both sexes. She also alleges physical contact. At the pleading stage, the Court finds that this is sufficient to state a claim under the Eighth Amendment against Defendants Williams and Johnson.

      b.    *Fourth Amendment*

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332. In analyzing these factors, the cross-gender nature of the search is a critical consideration. Byrd, 629 F.3d at 1143.

Plaintiff's allegations are sufficient to state a Fourth Amendment claim against Defendants Williams and Johnson.

      3.    Relief Requested

Although Plaintiff's complaint contains facts sufficient to state cognizable claims against Defendants under both the Eighth and Fourth Amendments, she has not identified the relief she seeks. Section V of the complaint form requires a plaintiff to state "exactly what you want the court to do for you." Compl. 3. Plaintiff, however, leaves this section blank. Elsewhere, she states that

she wants her "rights protected," but this is not sufficient under Federal Rule of Civil Procedure 8(a)(3). Rule 8(a)(3) requires that in order to state a claim for relief, the complaint must include "a demand for the relief sought. . ."

Accordingly, because Plaintiff has failed to allege the relief sought, the Court must dismiss her complaint with leave to amend. In amending, Plaintiff should state whether she seeks damages, equitable relief, or both.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **March 5, 2014**                                /s/ Dennis L. Beck
                                                                  UNITED STATES MAGISTRATE JUDGE

6