# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIA BORJA,<br><br>          Plaintiff,<br><br>     v.<br><br>K. WILLIAMS, et al.,<br><br>          Defendants. | Case No. 1:13-cv-01445 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGADING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Document 21) |

Plaintiff Tania Borja ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 10, 2013. The action is proceeding on Plaintiff's March 31, 2013, First Amended Complaint for (1) excessive force in violation of the Eighth Amendment against Defendant K. Williams; and (2) unconstitutional search in violation of the Fourth and Eighth Amendments against Defendants Williams and S. Johnson.

Defendants filed the instant motion for summary judgment on September 3, 2015.[1] Plaintiff filed her opposition on November 18, 2015, and Defendants filed their reply on November 24, 2015. The motion is therefore deemed submitted pursuant to Local Rule 230(l).

///

---

[1] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

1

## I. LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012). The Court determines only whether there is a genuine issue for trial, and Plaintiff's

filings must be liberally construed because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the Central California Women's Facility. The events at issue occurred at Valley State Prison ("VSP") in Chowchilla, California.

Plaintiff alleges that on April 15, 2012, at approximately 1:30 p.m., she was sitting in the grass with friends. Defendant Williams approached her "aggressively" and immediately grabbed her by the throat and flipped her onto her stomach. ECF No. 8, at 2. He used his knees and body weight to keep her face smashed into the grass. Plaintiff alleges that he was extremely calm as he choked her from the back. Plaintiff felt like she was going to pass out.

Defendant Williams then ordered Defendant Johnson to pull Plaintiff's pants and underwear down "while 80 to 100 prisoners and male officers looked on in disbelief." ECF No. 8, at 2. After a while, a few male officers looked away, but they had already seen Plaintiff's buttocks and vagina, which was clearly exposed. Defendant Johnson then roughly swiped her hand down the crack of Plaintiff's buttocks and vagina, while everyone looked on.

Defendant Williams next ordered Defendant Johnson to lift Plaintiff's shirt and stick her hand inside Plaintiff's bra, which exposed her breasts to every onlooker. Plaintiff states that she felt as if she had just been raped, and was embarrassed and humiliated.

## III. UNDISPUTED MATERIAL FACTS[2]

At all times relevant, Plaintiff was incarcerated at VSP. Defendant Williams was employed by the California Department of Corrections and Rehabilitation ("CDCR") as a Correctional Sergeant at VSP. Williams Decl. ¶ 1. Defendant Johnson was a Correctional Officer at VSP. Johnson Decl. ¶ 1.

---

[2] Plaintiff neither filed her own separate statement of disputed facts nor admitted or denied the facts set forth by Defendants as undisputed. Local Rule 56-260(b). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence). A verified opposition to a motion for summary judgment may also be considered as an opposing affidavit for purposes of the summary judgment rule if it is based on facts within the pleader's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998). However, because Plaintiff's opposition was not verified, it cannot be treated as an opposing affidavit. Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).

3

On April 15, 2012, at approximately 1:30 p.m., Defendant Williams approached Plaintiff, who was sitting in the grass area in front of Housing Unit 2 facing the Facility C Dining Hall. Defendant Williams approached Plaintiff from behind. Williams Decl. ¶ 2. As he drew closer for inquiry, he observed Plaintiff become suspicious and conceal an unknown object in the waistline of her sweatpants. Williams Decl. ¶ 3.

Defendant Williams motioned for Defendant Johnson, a female officer, to report to his location to conduct a clothed body search, as male officers are prohibited from conducting body searches on female inmates. Williams Decl. ¶ 4; Johnson Decl. ¶ 2. Defendant Williams observed Plaintiff suddenly attempt to retrieve the unknown object from her waistline and consume the object by mouth. Williams Decl. ¶ 5. To prevent Plaintiff from consuming the object, Defendant Williams immediately grabbed Plaintiff's left wrist with his left hand. Williams Decl. ¶ 6; Pl's Dep. 32:25-33:1 (attached as Ex. B to Chen Decl.). Plaintiff became resistive by twisting her upper torso. Williams Decl. ¶ 7; Pl's Dep. 33:1-5, 49:2-4.[3]

As Defendant Johnson responded to the area, she saw Plaintiff become resistive as Defendant Williams was trying to place her in handcuffs. Johnson Decl. ¶ 3. While Plaintiff was on her stomach, Defendant Williams took hold of her right wrist with his right hand and placed it behind her back. Defendant Williams then secured Plaintiff in handcuffs with her hands behind her back. Williams Decl. ¶ 9; Pl's Dep. 45:2-3, 47:20-25. Defendant Williams instructed Defendant Johnson to conduct a clothed body search of Plaintiff while she was in a prone position. Williams Decl. ¶ 10; Johnson Decl. ¶ 5; Pl's Dep. 51:16-18.

As Defendant Johnson began the search, Plaintiff continued to resist by twisting her upper torso. Williams Decl. ¶ 11; Johnson Decl. ¶ 6; Pl.'s Dep. 48:6-8. Defendant Johnson then placed her left hand on the left side of Plaintiff's upper back, and placed her lower legs across the back of Plaintiff's legs. Johnson Decl. ¶¶ 6-7. As she began to pat Plaintiff down, Defendant Johnson felt an object concealed in the abdominal area of Plaintiff's clothing. Johnson Decl. ¶ 10. Defendant Johnson retrieved a plastic spoon and a piece of clear plastic wrap with a square of dark brown substance from Plaintiff's waistband. Defendant Johnson secured the two items in the right front

---

[3] Plaintiff testified that she was "pushing, like, away…because at that moment [she] didn't know who it was, so [she] was, like trying to move [her] hand." Pl.'s Dep. 33:1-5.

4

pocket of her uniform. Williams Decl. ¶ 12; Johnson Decl. ¶ 11. Plaintiff admits that she had heroin in her underwear, and that two years were added to her prison sentence as a result of the criminal charges. Pl.'s Dep. 57:15-20, 73:19-74:5.

Defendants Williams and Johnson then relinquished control of Plaintiff to Officers Ramos and Hernandez, who placed Plaintiff into a holding cell in the Facility C Program Office. Williams Decl. ¶ 14; Johnson Decl. ¶ 14.

Licensed Vocational Nurse Pierce completed a medical evaluation and noted that Plaintiff had scratches on her lower back, but no other injuries. Williams Decl. ¶ 15.

Lt. Waybright instructed Defendant Johnson and Officer Hernandez, also female, to perform an unclothed body search of Plaintiff for possible additional contraband. Johnson Decl. ¶ 15. The conducted the unclothed body search in the privacy of the staff bathroom, with negative results. Johnson Decl. ¶15.

As a result of the April 15, 2012, incident, Plaintiff was found guilty of a Rules Violation Report ("RVR") for "resisting staff requiring the use of physical force" and assessed a 90-day loss of credit. Corbin Decl. ¶ 5, Ex. A. Plaintiff did not have the 90-day loss of credit overturned. Corbin Decl. ¶ 6, Ex. B. As a result of the heroin, Plaintiff was found guilty of a second RVR for "possession of a controlled substance." Chen Decl. ¶ 2, Ex. A.

**IV.    DISCUSSION**

    A.    Eighth Amendment- Excessive Force

Defendants contend that Plaintiff's excessive force claim against Defendant Williams is barred by Heck v. Humphry, 512 U.S. 477, (1994).

The United States Supreme Court has determined that an inmate may not bring an action under section 1983 if its success would release the claimant from confinement or shorten its duration, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), or would necessarily imply the invalidity of the conviction or sentence, Heck, 512 U.S. at 487. Where the plaintiff's success on a section 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, she must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. 487-88. This "favorable termination" requirement has been extended to actions under section 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643-647 (1997).

It is undisputed that as a result of her interactions with Defendant Williams on April 15, 2012, Plaintiff was found guilty of an RVR for "resisting staff requiring the use of physical force," and assessed a 90-day loss of credit. Corbin Decl. ¶ 5, Ex. A. The hearing officer determined that Plaintiff resisted after she sprawled out onto the ground, and that she continued twisting and failing to comply with Defendant Williams' orders. Defendant Williams was forced to maintain control of Plaintiff's upper body using his hands. Corbin Decl. ¶ 5, Ex. A. The hearing officer also rejected Plaintiff's version of events, which mirrors her allegations in this action. Corbin Decl. ¶5, Ex. A.

Plaintiff's excessive force claim is inextricably intertwined with the events that led up to the issuance of the RVR under which she was found guilty and forfeited good time credits. The hearing officer specifically determined that Plaintiff acted in such a way as to lead to the use of Defendant Williams' force. If Plaintiff's version of the events is accepted and she succeeds in this section 1983 action, this would necessarily imply the invalidity of the disciplinary decision, and the resulting loss of credit. Therefore, to pursue this claim, Plaintiff was required to satisfy the favorable termination requirement, and it is undisputed that she did not do so.

In her opposition, Plaintiff admits that she has not had the RVR overturned, and suggests that she has not done so because Defendants found her guilty of another RVR for a different violation. She also contends that Defendant Williams keeps harassing her. However, Plaintiff's rationale as to why the RVR has not been overturned is of no consequence.

Based on the above, the Court finds that Plaintiff's excessive force claim against Defendant Williams is barred by Heck.

///

///

///

///

B.  Eighth Amendment- Search

The Eighth Amendment prohibits cruel and unusual punishment in penal institutions. Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." Hudson v. McMillian, 503 U.S. 1, 8, 112 (1992). However, not every malevolent touch by a prison guard gives rise to a federal cause of action. Id., 503 U.S. at 9. In evaluating a prisoner's claim, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. Wood v. Beauclair, 629 F.3d 1041, 1046 (9th Cir. 2012) (citing Hudson, 503 U.S. at 8).

"Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' ... 'only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.'" Hudson, 503 U.S. 1, 9 (citations omitted). As such, to support a cognizable Eighth Amendment claim based on a body search, the plaintiff must allege a risk of harm beyond a "momentary discomfort." Jordan v. Gardner, 986 F.2d 1521, 1526 (9th Cir.1993); see also Wood, 692 F.3d at 1046 (in evaluating a prisoner's claim, courts will consider whether the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997) (as amended).

The exact nature of the search is disputed. According to Plaintiff, Defendant Johnson "roughly swiped her hand down the crack of [Plaintiff's] buttocks and vagina, while everyone looked on," and exposed her breast during a search of her bra. ECF No. 8, at 2. Defendant Johnson denies that she ever pulled down Plaintiff's pants, lifted up her blouse, or exposed her breasts or genitals. Johnson Decl. ¶¶ 12-13. Defendant Johnson states that she used her hand on the outside of her clothing, and worked the object up to the waistband of her Plaintiff's pants, then retrieved the object. Johnson Decl. ¶ 11. Both Defendants deny that Plaintiff's genitals or breasts were exposed. Johnson Decl. ¶ 13; Williams Decl. ¶ 13.

The role of Defendant Williams is also disputed. Plaintiff contends that he ordered Defendant Williams to pull down her pants and lift her blouse, ECF No. 8, at 2, while both

7

Defendant Williams and Defendant Johnson denied any such instructions. Johnson Decl. ¶12-13; Williams Decl. ¶ 13.[4]

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that even assuming the truth of Plaintiff's allegations, the circumstances are not objectively harmful to give rise to a constitutional violation. This was not the type of search involved in Jordan, where the Ninth Circuit held that the Eighth Amendment prohibited clothed body searches of female prisoners by male guards directed by a prison policy to "push inward and upward when searching the crotch and upper thighs of the inmate," to "squeeze and knead" "the leg and the crotch area," and to "search the breast area in a sweeping motion, so that the breasts will be 'flattened.'" Jordan, 986 F.2d at 1523.

Rather, at most, Plaintiff suffered a "momentary discomfort," as any exposure of her genitals and breasts to other inmates or officers was brief. The search was also conducted by a same-sex officer, and Defendant Johnson's search was far from the intrusive search involved in Jordan. Plaintiff alleges that Defendant Johnson "roughly" swiped her hand down the crack of her buttocks and vagina, but this does not suggest the type of invasive search that would rise to the level of an Eighth Amendment violation.

Plaintiff also alleges that she was embarrassed by the search and felt sexually violated. However, the Ninth Circuit has rejected Eighth Amendment violations for conduct that could be considered more egregious than the incident here. For example, in Watison v. Carter, the Ninth Circuit determined that the "humiliation" suffered when an officer entered plaintiff's cell while he was on the toilet and then rubbed his thigh against plaintiff's and laughed, did not rise to the level of severe psychological pain required for an Eighth Amendment violation. Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). In Somers v. Thurman, the Ninth Circuit held that the Eighth Amendment did not prohibit female guards from performing visual body cavity searches on male inmates or watching male inmates shower, despite one inmate's allegation that the guards pointed, joked, and "gawked" at him. Somers v. Thurman, 109 F.3d 614, 616 (9th Cir. 1997); see also

---

[4] In her FAC, Plaintiff does not allege that Defendant Williams was involved in the actual search of her person. In her opposition, however, she suggests that Defendant Williams did not wait for Defendant Johnson to arrive before starting the search. ECF No. 28, at 2-3. She also testified during her deposition that Defendants Johnson and Williams helped each other. Pl.'s Dep. 57:8-14. However, Plaintiff may not now expand the scope of this litigation via deposition testimony or her opposition to Defendants' motion for summary judgment. See e.g., Fossen v. Blue Cross and Blue Shield of Montana, Inc., 660 F.3d 1102, 1115 (9th Cir. 2011); Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1079-80 (9th Cir. 2008); Gilmore v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004 ).

Grummett v. Rushen, 779 F.2d 491, 494 n. 1 (9th Cir.1985) (prison's policy allowing female guards to observe male inmates disrobing, showering, using the toilet, and being strip-searched, and allowing them to conduct pat-down searches including the groin area, did not amount to "the type of shocking and barbarous treatment protected against by the [E]ighth [A]mendment"); Martin v. Sullivan, 2011 WL 754886, *5 (E.D.Cal. 2011) (Smith v. Los Angeles County, 2010 WL 2569232, *5 (C.D.Cal. 2010) ("Even if plaintiff believed that there was a sexual aspect to the search, more is needed.").

Plaintiff is also unable to support a finding that Defendants acted with a sufficiently culpable state of mind. Farmer, 511 U.S. at 834. To meet this standard, Plaintiff must allege facts that show that Defendants were "deliberately indifferent to [Plaintiff's] suffering." Jordan, 986 F.2d at 1528 (citing Wilson v. Seiter, 501 U.S. 294, 302-30 (1991)). It is undisputed that Defendant Williams observed Plaintiff conceal an object in the waistband of her sweatpants as he approached, and then attempt to retrieve the object from her waistline and put it into her mouth. Indeed, Plaintiff admitted at her deposition that she had heroin in her underwear. It is also undisputed that Plaintiff resisted attempts at restraining her and searching her. Given these circumstances, Defendants appear to have acted upon a threat by a resistive inmate, not a subjective intent to cause harm.

In her opposition, Plaintiff contends that she suffers from post-traumatic stress syndrome and was abused as a child. Plaintiff did not include these allegations in her complaint, and she cannot now expand the scope of her claim through her opposition. Fossen v. Blue Cross and Blue Shield of Montana, Inc., 660 F.3d 1102, 1115 (9th Cir. 2011). Even if the Court considered these allegations, however, she fails to demonstrate that either Defendant knew of her past so as to put them on notice that Plaintiff was in substantial risk of serious emotional or mental trauma if she was searched.[5]

Plaintiff also argues that Defendants could have just given her an order to get up and turn over the object, and she would have complied. Not only does the undisputed evidence show that Plaintiff resisted Defendant Williams' orders to stop resisting, but it is irrelevant what Defendants *could* have done. The only relevant discussion relates Defendants' actual conduct.

---

[5] The cases discussing severe trauma are generally strip searches. While Plaintiff alleges that her breast and vagina were exposed, it does not appear that this was a true strip search. Indeed, Plaintiff testified that a true strip search was conducted after the search at issue, in the privacy of a bathroom. Pl.'s Dep. 64:1-16.

1   The Court therefore finds that Defendants are entitled to summary judgment on Plaintiff's
2   Eighth Amendment search claim.
3       C.    <u>Fourth Amendment- Search</u>
4   The Fourth Amendment prohibits only unreasonable searches. <u>Bell v. Wolfish</u>, 441 U.S.
5   520, 558, 99 S.Ct. 1861 (1979); <u>Byrd v. Maricopa County Sheriff's Office</u>, 629 F.3d 1135, 1140 (9th
6   Cir. 2011); <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the
7   search is determined by the context, which requires a balancing of the need for the particular search
8   against the invasion of personal rights the search entails. <u>Bell</u>, 441 U.S. at 558-59 (quotations
9   omitted); <u>Byrd</u>, 629 F.3d at 1141; <u>Bull v. City and Cnty. of San Francisco</u>, 595 F.3d 964, 974-75
10  (9th Cir. 2010); <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1227 (9th Cir. 2010); <u>Michenfelder</u>, 860 F.2d at
11  332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which
12  it is conducted, the justification for initiating it, and the place in which it is conducted. <u>Bell</u>, 441
13  U.S. at 559 (quotations omitted); <u>Byrd</u>, 629 F.3d at 1141; <u>Bull</u>, 595 F.3d at 972; <u>Nunez</u>, 591 F.3d at
14  1227; <u>Michenfelder</u>, 860 F.2d at 332. In analyzing these factors, the cross-gender nature of the
15  search is a critical consideration. <u>Byrd</u>, 629 F.3d at 1143.
16  The Ninth Circuit has recognized that "[t]he desire to shield one's unclothed figure from
17  [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-
18  respect and personal dignity." <u>Byrd</u>, 629 F.3d at 1141 (quoiting <u>York v. Story</u>, 324 F.2d 450, 455
19  (9th Cir.1963); <u>see also</u> <u>Michenfelder</u>, 860 F.2d at 333; <u>Grummett v. Rushen</u>, 779 F.2d 491, 496 (9th
20  Cir.1985) (distinguishing cross-gender searches that "are done briefly and while the inmates are fully
21  clothed, and thus do not involve intimate contact with the inmates' bodies ") (emphasis added).
22  As explained above, the undisputed facts show that this was not a cross-gender search.
23  Moreover, while Plaintiff's breast and vagina may have been briefly exposed, the search was not the
24  type of strip search involved in the majority of cases where a constitutional violation has been found.
25  <u>Michenfelder</u>, 860 F.2d at 334 ("infrequent and casual observation, or observation at [a] distance, ...
26  are not so degrading as to warrant court interference") (citing <u>Grummett</u>, 779 F.2d at 494-95). Most
27  importantly, the undisputed fact show that Defendant Williams had justification for calling
28  Defendant Johnson to perform the search- he observed Plaintiff hide an object in her waistband and

then attempt to put the object into her mouth. The search was therefore justified, and Plaintiff's attempts at hiding the object justified the immediacy of the search.

These factors weigh in favor of finding the search reasonable, and the Court finds that Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment search claim.

## V.   QUALIFIED IMMUNITY

Defendants Williams and Johnson contend that they are entitled to qualified immunity.

Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If, and only if, a violation can be made out, the next step is to ask whether the right was clearly established. Id. In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

In this instance, the evidence viewed in the light most favorable to Plaintiff demonstrates that a constitutional violation did not occur, and this ends the qualified immunity analysis.

## VI.   FINDINGS AND RECOMMENDATIONS

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed within fourteen (14) days from the date of service of the objections. The parties are advised that

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 19, 2016**                              /s/ Dennis L. Beck
                                                                    UNITED STATES MAGISTRATE JUDGE