UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA BORJA,<br><br>    Plaintiff,<br><br>    v.<br><br>K. WILLIAMS and S. JOHNSON,<br><br>    Defendants. | No. 1:13-cv-01445-DAD-GSA<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 21, 31) |

Plaintiff Tania Borja is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds on her first amended complaint alleging claims of (i) excessive use of force in violation of the Eighth Amendment against defendant K. Williams, and (ii) an unconstitutional search in violation of the Fourth and Eighth Amendments against defendants Williams and S. Johnson. (Doc. No. 8.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants filed the instant motion for summary judgment on September 3, 2015. (Doc. No. 21.) On March 21, 2016, the then-assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted.

1

(Doc. No. 31.)  Those findings and recommendations were served on the parties and contained notice that any objections thereto must be filed within thirty days.  (*Id.*)  To date, no objections have been filed by any party.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this action.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis as to plaintiff's unlawful search claims under the Fourth and Eighth Amendments only.[2]  For the reasons set forth below, the court declines to adopt the findings and recommendations with respect to plaintiff's excessive use of force claim under the Eighth Amendment.

## EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM

The then-assigned magistrate judge recommended that defendants' motion for summary judgment as to plaintiff's excessive force claim be granted, concluding that the claim was barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1] Plaintiff filed a motion for a thirty-day extension of time to file objections to the findings and recommendations, which the court granted on April 27, 2016.  (Doc. Nos. 32–33.)  Rather than filing objections to the findings and recommendations, however, plaintiff instead filed an appeal on May 31, 2016.  (Doc. No. 36.)  Plaintiff's appeal was dismissed by the Ninth Circuit for lack of jurisdiction on July 21, 2016.  (Doc. Nos. 37–38.)

[2] The court notes that while plaintiff's verified complaint is sufficient to state a claim under the Fourth Amendment, the facts stated therein are insufficient by themselves to survive summary judgment.  In evaluating the scope and manner of a manual body cavity searches of a prisoner under the Fourth Amendment, courts must "consider the consider a variety of factors including hygiene, medical training, emotional and physical trauma, and the availability of alternative methods for conducting the search."  *United States v. Fowlkes*, 804 F.3d 954, 963 (9th Cir. 2015) (citing *Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988)); *see also Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (D.W. Nelson, dissenting) ("[S]earches that involve touching may present uniquely unhygienic circumstances."); *Bonitz v. Fair*, 804 F.2d 164, 172–73 (1st Cir. 1986) (holding that body cavity searches of female inmates conducted by police officers, involving touching, without medical personnel, in non-hygienic manner, and in presence of male officers, constitutes a violation of an inmate's rights under the Fourth Amendment).  Here, plaintiff states that defendant Johnson pulled plaintiff's pants and underwear down, roughly swiped her hand down plaintiff's buttocks and vagina, and stuck her hand inside plaintiff's bra, exposing plaintiff to several male officers and other inmates.  (Doc. No. 8 at 2.)  However, drawing all inferences from the facts alleged in plaintiff's favor, as the court must for purposes of summary judgment, a reasonable jury could not conclude that defendants' conduct was non-hygienic, that defendant Johnson lacked proper medical training, or that the body cavity search occurred despite reasonable alternatives in light of the circumstances existing at the time.

Under the Supreme Court's decision in *Heck*, a plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in her criminal conviction unless the conviction is first reversed, expunged, set aside, or otherwise called into question. *Heck*, 512 U.S. at 486–87. If a plaintiff convicted of a crime seeks damages in a § 1983 suit, the district court must therefore "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence; if it would, the complaint must be dismissed." *Heck*, 512 U.S. at 487. In other words, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153–54 (9th Cir. 2002) (citing *Heck*, 512 U.S. at 487 n.6). This "favorable termination" rule also applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

However, a plaintiff may still bring § 1983 claims challenging alleged unconstitutional actions if plaintiff's success on those claims would not necessarily invalidate a criminal conviction or sentence. *See Heck*, 512 U.S. at 487 n.7 (explaining that, "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful") (citations omitted); *see also Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2011) ("[T]he relevant question is whether success in a subsequent 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence.").

The Ninth Circuit has concluded that plaintiffs may bring § 1983 suits alleging excessive use of force by a law enforcement officer despite having been convicted as a result of the incident in question if the alleged use of force was distinct temporally or spatially from the factual basis of the plaintiff's criminal conviction. *See Beets*, 669 F.3d 1038, 1042; *Hooper v. City of San Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011) (explaining that, under such circumstances, "two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer"); *see also Garrett v. Ruiz*, No. 11cv2540 IEG (WVG), 2013 WL 1342850, at *7 (S.D. Cal. April 3, 2013). "Accordingly, an Eighth Amendment excessive force claim by a prisoner against a

3

correctional officer will often not be fundamentally inconsistent with the validity of a prison disciplinary conviction for resisting staff resulting from the same incident." *Guerrero v. McClure*, No. 2:10–cv–0318 GEB DAD P, 2013 WL 753305, at *8 (E.D. Cal. Feb. 27, 2013) (citing *Hooper*, 629 F.3d at 1133).

Here, plaintiff was convicted of two prison disciplinary violations as a result of her April 15, 2012 interactions with correctional officers. (Doc. Nos. 21-3 at 4; 21-6 at 4.) The two prison disciplinary convictions were for "resisting staff requiring the use of physical force" in violation of California Code of Regulations § 3005(d)(1), and for "possession of a controlled substance" in violation of § 3016(a). (*Id.*) Defendants argue in their motion for summary judgment that plaintiff's excessive use of force claim brought in this civil action is barred by the holding in *Heck* because, they contend, plaintiff's success on her claim would necessarily invalidate her prison disciplinary conviction for resisting staff in violation of § 3005(d)(1). (Doc. No. 21 at 7–10.) The then assigned magistrate judge agreed with defendants, concluded that plaintiff's excessive force claim was "inextricably intertwined with the events that led up to the issuance of the RVR," and recommended that summary judgment be granted in defendant Williams' favor on plaintiff's excessive force claim. (Doc. No. 31 at 5–6.)

However, plaintiff could still theoretically prevail on her § 1983 excessive force claim without necessarily implying the invalidity of her prison disciplinary conviction. *See Guerrero*, 2013 WL 753305, at *8; *see also Bealer v. Brannum*, No. 1:12-cv-01516-DAD-EPG, 2016 WL 878873, at *1 (E.D. Cal. Mar. 8, 2016) (finding that success on the plaintiff's § 1983 excessive force claim would not necessarily invalidate his prison disciplinary conviction under Cal. Code Regs. § 3005(d)(1), and was not *Heck*-barred); *Haynes v. Rosario*, No. 2:12–cv–3018 KJN P, 2015 WL 1498891, at *9–10 (E.D. Cal. Mar. 31, 2015) (same); *Trujillo v. Jacquez*, No. C 10–5183 YGR (PR), 2013 WL 5227054, at *4 (N.D. Cal. Sept. 17, 2013) (same); *Sekerke v. Kemp*, No. 11cv2688 BTM (JMA), 2013 WL 950706, at *5–6 (S.D. Cal. Mar. 12, 2013) (same). For instance, plaintiff could prove that defendant Williams responded to her resistance with unjustified and excessive force, or that defendant Williams used excessive force before or after, rather than in response to, her own resistance. *See Guerrero*, 2013 WL 753305, at *8. This is

4

especially true here where plaintiff in her verified complaint alleges that defendant Williams immediately grabbed her by the throat, flipped her on the ground and smashed her face in the grass before she had any opportunity to resist. (Doc. No. 1 at 3.) Plaintiff's excessive force claim is therefore not barred by the decision in *Heck*.

## QUALIFIED IMMUNITY

In light of the recommendation to grant summary judgment as to all claims, the then-assigned magistrate judge did not analyze the qualified immunity defense raised by defendants in the pending findings and recommendations. (*See* Doc. No. 31 at 11.) Having declined to adopt the findings and recommendations with respect to plaintiff's Eighth Amendment excessive force claim, the undersigned further concludes that defendant Williams is not entitled to summary judgment in his favor with respect to that claim on qualified immunity grounds.

Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When determining whether qualified immunity applies, the central questions for the court are: (i) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (ii) whether the right at issue was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that this two-part analysis is "often beneficial" but not mandatory).

"A Government official's conduct violate[s] clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 ((2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In this regard, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*; *see also Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (quoting *Saucier*, 533 U.S. at 202). This inquiry must be undertaken in light of the specific context of the particular case. *Saucier*, 533 U.S. at 201.

/////

A plaintiff bears the burden of proving the existence of a "clearly established" right at the time of the allegedly impermissible conduct. *Maraziti v. First Interstate Bank*, 953 F.2d 520, 523 (9th Cir. 1992). If this burden is met, then the defendants bear the burden of establishing that their actions were reasonable, even if they might have violated the plaintiff's federally-protected rights. *Doe v. Petaluma City Sch. Dist.*, 54 F.3d 1447, 1450 (9th Cir. 1995). "[R]egardless of whether the constitutional violation occurred, the [officials] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [officials] could have reasonably believed that [their] particular conduct was lawful." *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991).

On summary judgment, the court is required to view the evidence in a light most favorable to plaintiff. *Walls v. Central Costa Cty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). Here, plaintiff Borja alleges that defendant Williams aggressively approached her, grabbed her by the throat, flipped her onto her stomach, and placed his knee against plaintiff's body. (Doc. No. 8 at 2.) It was well established by 2012 that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 313 (1986)). Here, defendant Williams was on notice that he could not maliciously use force beyond what was necessary to retrain plaintiff and effectuate a search for contraband. Therefore, defendant Williams is not entitled to judgment in his favor with respect to his affirmative defense of qualified immunity as to plaintiff's excessive use of force claim.

## CONCLUSION

Accordingly,

1. The March 21, 2016 findings and recommendations (Doc. No. 31) are adopted with respect to plaintiffs' claims of unlawful search in violation of the Fourth and Eighth Amendments;

2. Because no claims remain against her, defendant Johnson is dismissed from this case;

/////

3. The court declines to adopt the remainder of the March 21, 2016 findings and recommendations, and defendants' motion for summary judgment (Doc. No. 21) is denied with respect to plaintiff's claim of excessive use of force in violation of the Eighth Amendment against defendant Williams; and

4. The case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **November 18, 2016**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE