UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA BORJA,<br><br>        Plaintiff,<br><br>    v.<br><br>K. WILLIAMS and S. JOHNSON,<br><br>        Defendants. | No. 1:13-cv-01445-DAD-GSA<br><br>ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |

    Plaintiff Tanja Borja is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 8, 2017, the court issued a second scheduling order in this action, which required plaintiff to file a pretrial statement by April 12, 2017. (Doc. No. 44.) That deadline passed, and plaintiff did not file a pretrial statement.

    On May 9, 2017, this court issued an order requiring plaintiff to show cause in writing, within twenty-one days of the service of the order, why this case should not be dismissed due to plaintiff's failure to comply with the court's prior orders and failure to prosecute this action. (Doc. No. 48.)[1] The court further advised plaintiff that any failure on her part to comply with the order to show cause would likely result in the dismissal of this action. (*Id.*) The twenty-one day period has now expired, and plaintiff has not filed a written response to the order to show cause or

---

[1] That order also vacated the then-scheduled trial confirmation hearing and jury trial pending plaintiff's response.

1

otherwise responded to the court's order.[2]

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

On balance, these factors weigh in favor of dismissal here. "'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Moreover, this court cannot continue to expend its scarce resources waiting for a litigant who will not timely prepare for trial, file a required pretrial statement or otherwise respond to a court order to show cause. Thus, both the first and second factors weigh in favor of dismissal. Turning to the risk of prejudice to defendants, while the pendency of this lawsuit is not itself sufficient to prejudice defendants, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *See id.* Here, it is plaintiff's failure to timely file a pretrial statement or to timely respond to this court's order that is causing the delay. Thus, the third factor weighs in favor of dismissal. Furthermore, at this stage in the proceedings there are few tools available to the court to remedy plaintiff's failures while also protecting the court from further unnecessary expenditure of resources. For example, plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the court has already vacated the trial. Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. *Id.* at 643.

/////

/////

---

[2] Plaintiff did file a motion for attendance of incarcerated witnesses, dated April 30, 2017. (Doc. No. 51.) That filing did not refer to the pretrial statement which plaintiff was required to file by April 12, 2017 in keeping with the second scheduling order nor did it refer to the order to show cause. It appears that the latter order was issued after plaintiff had sent her motion for attendance of incarcerated witnesses to the court. Nonetheless, the court has received nothing from plaintiff following her motion regarding attendance of witnesses.

For all the reasons set forth above:

1. This action is dismissed without prejudice for plaintiff's failure to prosecute and failure to abide by this court's orders; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 21, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE